IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE BUCKLO

MAGISTRATE JUDGE MASON

| | |
|---|---|
| SURFACE SHIELDS, INC. | ) |
| Plaintiff, | ) Case No. 02C 7228 |
| v. | ) DOCKETED |
| | ) OCT 1 0 2002 |
| POLY-TAK PROTECTION SYSTEMS, INC. | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |

## COMPLAINT

Plaintiff, SURFACE SHIELDS, INC. ("Surface Shields"), by and through its attorneys, THE COLLINS LAW FIRM, P.C., of counsel, for its Complaint against Defendant, POLY-TAK PROTECTION SYSTEMS, INC. ("Poly-Tak"), states and alleges as follows:

### NATURE OF THE ACTION

To eliminate Surface Shields from the marketplace and gain control over a substantial percentage of the adhesive film industry, the Defendant directed and controlled a campaign of commercial espionage by searching through Surface Shields' garbage and stealing critically important customer information. Based on information learned from the espionage, the Defendant maliciously interfered with Surface Shields' customer relationships by deliberately driving down the profit that Surface Shields could earn from its long-standing and repeat customers. Poly-Tak also used the stolen information to interfere with Surface Shields' prospective customers. Surface Shields brings this action to seek redress for the Defendant's illegal actions.

## PARTIES

1. Plaintiff Surface Shields is an Illinois corporation, having its principal place of business in Tinley Park, Illinois. Surface Shields is a citizen of the State of Illinois. Surface Shields, *inter alia,* is a national supplier of adhesive films for various industrial purposes.

2. Defendant Poly-Tak is a California corporation, having its principal place of business at 5731 McFadden Avenue, Huntington Beach, California, 92649. Poly-Tak is therefore a citizen of the State of California. Poly-Tak is a national supplier of temporary adhesive films to the construction, recreational vehicle, building, marine, and retail markets.

## JURISDICTION and VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) (1), based upon the complete diversity of citizenship of the parties and the amount in controversy far exceeding the jurisdictional minimum of $75,000.

4. Venue is proper in this District, *inter alia,* pursuant to 28 U.S.C. § 1391, because this case arises out of actions which occurred, at least in part, within this Judicial District. These include, *inter alia*:

> (a) Defendant has interfered with the business relationships of an Illinois corporation located within this Judicial District.
>
> (b) Defendant has employed the use of a resident of this Judicial District to engage in commercial espionage to find out information about Surface Shields' customers and pricing. The commercial espionage, which took place in this Judicial District, provided the vehicle by which Defendant has been able to adversely impact the profitability of Surface Shields, unfairly compete against Surface Shields, and interfere with Surface Shields' relationships.

## GENERAL ALLEGATIONS OF FACT

5. Surface Shields and Poly-Tak are competitors in the adhesive films industry. Combined, they supply approximately 50% of the adhesive film marketplace.

6. Surface Shields has spent approximately 10 years and millions of dollars establishing and solidifying its brand identity within the industry.

7. Beginning in approximately 2001, and potentially earlier, Poly-Tak began using a resident of this Judicial District, (hereafter, the "Spy") to engage in commercial espionage in an effort to destroy and interfere with Surface Shields' business relationships with the ultimate goal of putting Surface Shields out of business.

8. Poly-Tak directed the Spy to search and steal documents located in a dumpster at Surface Shields' corporate headquarters.

9. On approximately a weekly basis, the Spy would search Surface Shields' dumpster and haul away the contents to a warehouse located within this Judicial District.

10. From the warehouse, the Spy would mail the stolen contents to Poly-Tak in California.

11. These documents contained information that Surface Shields relied on for its business including, *inter alia,* customer and pricing information, prospective customer quotations, as well as raw material acquisition costs.

12. Poly-Tak relied on the stolen information for the purpose of interfering with Surface Shields' existing and prospective customer relationships and to drive Surface Shields out of business. Poly-Tak used the stolen information in at least two ways:

(a) With the intent to eliminate Surface Shields as a competitor, Poly-Tak drove down Surface Shields' profit. After unsuccessful attempts to earn business from Surface

Shields' customers, Poly-Tak would still offer pricing known to be at or below Surface Shields' acquisition costs. Such costs were obtained by espionage activities. Poly-Tak undertook these actions for the improper purpose of destroying Surface Shields.

(b) Poly-Tak relied on the stolen documents to devastate the competitive pricing that Surface Shields had with its existing customers. As a result, Surface Shields lost several large customers.

## COUNT I

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE/ UNFAIR COMPETITION

13. Surface Shields repeats, realleges and incorporates by reference Paragraphs 1-12, as if fully set forth herein.

14. Surface Shields had a reasonable expectation of continuing valid and profitable business relationships with the customers that were the subject of the misconduct alleged in this Complaint. Indeed, Surface Shields had received regular, continuous, on-going, and profitable orders from these customers in the past. Surface Shields regularly enjoyed on-going business transactions at a predictable and profitable rate.

15. Poly-Tak was aware of Surface Shields' expectancy of entering into and continuing valid business relationships with its customer by its commercial espionage activities and also by virtue of its knowledge of the adhesive film industry.

16. Notwithstanding Poly-Tak's knowledge of Surface Shields' ongoing customer relationships, Poly-Tak purposefully, maliciously and unlawfully interfered with these relationships to prevent Surface Shields' legitimate expectancy from ripening into ongoing, valid, and profitable business relationships. Poly-Tak's interference was done for the improper

and spiteful purpose of harming Surface Shields and driving it out of business, rather than for a legitimate competitive purpose. Furthermore, Poly-Tak interfered with Surface Shields' prospective economic advantage by intentionally driving down Surface Shields' profit by substantially underbidding Surface Shields even after Poly-Tak knew it was unable to obtain such business. Poly-Tak's actions were wrongful in that they were done for the spiteful purpose of driving Surface Shields from the marketplace and interfering with free and open competition.

17. Surface Shields has been damaged from such interference, *inter alia*, by losing profit (or a portion of profit) that would have been earned on sales had Poly-Tak not interfered. The amount of such sales known presently greatly exceeds $2,000,000. The amount of damages sustained to date, as well as future damages, will be proven at trial. That amount greatly exceeds the jurisdictional requirement.

## Relief Requested

WHEREFORE, Plaintiff Surface Shields requests that this Court enter judgment in its favor and against Defendant Poly-Tak, as follows:

(a) Award Surface Shields its monetary damages, including future profits, in an amount to be proven at trial;

(b) Award Surface Shields punitive damages to the extent permitted by law; and

(c) Award Surface Shields its costs of suit and such other relief as this Court deems just and proper.

## Jury Trial Demanded

Plaintiff Surface Shields request trial by jury on all issues so triable.

Dated: October 9, 2002

Respectfully submitted,
SURFACE SHIELDS, INC.

By: _____
One of its attorneys

Edward J. Manzke
David J. Fish
THE COLLINS LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Surface Shields, Inc.

JUDGE BUCKLO
02C 7228

## DEFENDANTS

Poly-Tak Protection Systems, Inc.

DOCKETED
OCT 10 2002

MAGISTRATE JUDGE MASON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

The Collins Law Firm, P.C.
200 N. Park Street, Suite 200
Naperville, IL 60563

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Intentional Interference of Economic Expectancy

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 790 Other Labor Litigation | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 75,000.00

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. REMARKS

General Rule 2.21D(2) this case

In response to ☒ is not a refiling of a previously dismissed action
☐ is a refiling of case number _____ of Judge _____

DATE 10/9/02

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

JUDGE BUCKLO
MAGISTRATE JUDGE MASON

In the Matter of

Surface Shields, Inc.

v.

Poly-Tak Protection Systems, Inc.

Case Number: 02C 7228

DOCKETED OCT 1 0 2002

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Surface Shields, Inc.

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Edward J. Manzke | NAME: David J. Fish |
| FIRM: The Collins Law Firm | FIRM: The Collins Law Firm |
| STREET ADDRESS: 1770 N. Park Street, Suite 200 | STREET ADDRESS: |
| CITY/STATE/ZIP: Naperville, IL 60563 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (630) 527-1595 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 06209413 | IDENTIFICATION NUMBER: 6269745 |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES ✓ NO |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES ✓ NO |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Aaron W. Rapier | NAME: |
| FIRM: The Collins Law Firm | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6270472 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ✓ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ✓ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |