# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7228 | **DATE** | 2/21/2003 |
| **CASE TITLE** | Surface Shields, Inc. vs. Poly-Tak Protection | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion to strike (6-1) twelve of defendant's affirmative defenses.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| ✓ | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 24 2003 date docketed | |
| | Notified counsel by telephone. | | | 10 |
| | Docketing to mail notices. | | G.J. docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2/21/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SURFACE SHIELDS, INC.       )
                            )
        Plaintiff,           )
                            )
v.                          )
                            )   No. 02 C 7228
POLY-TAK PROTECTION SYSTEMS, INC.  )
                            )
        Defendant.          )

FEB 24 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Surface Shields, Inc. ("Shields"), an Illinois corporation, and defendant Poly-Tak Protection Systems, Inc. ("Poly-Tak"), a California corporation, are competitors in the business of making adhesive films. Shields alleges that Poly-Tak engaged a corporate spy to steal documents from a Dumpster outside Shields headquarters for the purpose of interfering with Shield's relationships with its customers. Shields filed this suit seeking damages for tortious interference with prospective economic advantage and unfair competition. Poly-Tak's answer to that complaint included thirteen affirmative defenses, twelve of which Shields now moves to strike. I grant the motion.

As a rule, courts disfavor motions to strike because they may serve only to cause delay. *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 801 (N.D. Ill. 2000) (Alesia, J.). However, where motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller v. Midwhey Powder Co., Inc.*,

883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are pleadings, and thus must set forth a "short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "An allegation must include either direct or inferential allegations respecting all material elements of the claim asserted." *MAN Roland v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 579 (N.D. Ill. 1999) (Alesia, J.). Affirmative defenses that are simply "bare bones conclusory allegations" do not meet this standard and must be stricken. *Heller*, 883 F.2d at 1295.

A three-part test determines the fate of an affirmative defense subject to a motion to strike. (1) The matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Rules 8 and 9; and (3) the matter must withstand a Rule 12(b)6 challenge — that is, if the defendant could prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense must be stricken as legally inadequate. *Renalds*, 119 F. Supp. 2d at 802-03. Poly-Tak concedes the inadequacy of its redundant twelfth affirmative defense. Each of Poly-Tak's remaining affirmative defenses fails under this three-part test.

The First and Thirteenth affirmative defenses are legally inadequate because they allege only that Shields has failed to state a sufficient claim to merit relief, rephrasing the standard for evaluating a motion to dismiss under Rule 12(b)6. This type of

2

allegation is not an affirmative defense which adds substance to the litigation; it is clutter. *Imperial Constr. Mgmt. Corp. v. Laborers' Int'l Union*, 818 F. Supp. 1179 (N.D. Ill. 1186) (Alesia, J.) (striking an affirmative defense with nearly identical language).

Affirmative defenses 3-11 may all be characterized as "bare bones conclusory allegations" under *Heller*. Poly-Tak states as its defenses the doctrine of unclean hands, the doctrine of laches, the intervening acts of other parties, the plaintiff's failure to mitigate its losses, the statute of limitations, the plaintiff's comparative negligence, the plaintiff's denial of an opportunity to cure, and the plaintiff's failure to act in good faith. But in no instance does it attempt to explain why these doctrines or actions would provide it with a defense. In no instance does it allege any specific facts which might support its conclusions. Poly-Tak argues in its brief that it has no duty to allege facts that will show how the affirmative defenses will be applicable, but it is incorrect. Rule 8(a) and the Seventh Circuit agree that a defendant does have a duty to allege "the necessary elements" of its defenses in order to conform with the Federal Rules. *Heller*, 883 F.2d at 1295. The defendant must provide enough facts so that, at a minimum, plaintiff is put on notice as to which of its actions are complained of. *See Cohn v. Taco Bell Corp.*, No. 95 C 7152, 1995 U.S. Dist. LEXIS 5532, at *16 (N.D. Ill. Apr. 24, 1995) (Nordberg,

3

J.). Thus, affirmative defenses 3-11 are inadequately pleaded under Rule 8(a), and are stricken. *See Stafford v. Conn. Gen. Life Ins. Co.*, No. 95-C7152, 1996 U.S. Dist. LEXIS 5307, at *5 (N.D. Ill. Apr. 19, 1996) (Kocoras, J.).

The motion to strike affirmative defenses is GRANTED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: February 21, 2003