Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge If Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| CASE NUMBER | 02 C 7228 | DATE | 7/29/2003 |
| CASE TITLE | Surface Shields vs. Poly-Tak Protection | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for a protective order to prevent defendant from intimidating trial witnesses and destroying evidence [48-1] is granted in part and denied in part; plaintiff's motion to enforce subpoenas seeking evidence of bribes [49-1] is granted in part and denied in part; plaintiff's fourth motion to compel [50-1] and seventh motion for sanctions [50-2] is denied; plaintiff's motion to supplement all previously filed motion relating to defendant's discovery misconduct [51-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 30 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 60 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 7/29/2003 date mailed notice | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SURFACE SHIELDS, INC. | ) | |
| Plaintiff, | ) | No. 02 C 7228 |
| v. | ) | Judge Elaine E. Bucklo |
| POLY-TAK PROTECTION SYSTEMS, INC. | ) | Mag. Judge Michael T. Mason |
| Defendant. | ) | |

DOCKETED JUL 30 2003

## MEMORANDUM OPINION AND ORDER

On July 15, 2003 the parties appeared before us for resolution of several discovery motions filed by the plaintiff. At that time, we ordered defendant to submit response briefs to several of the motions. Following are our orders with regard to them:

1.  Plaintiff's Motion for Protective Order to Prevent Defendant From Intimidating Trial Witnesses and Destroying Evidence

Plaintiff alleges that defendant has been intimidating trial witnesses who have given deposition testimony on behalf of the plaintiff. It is true that defendant has filed a lawsuit against at least one deponent. However, this individual is a former employee of defendant who defendant accuses of violating the California Trade Secrets Act. At this point, there is no evidence that defendant's law suit is frivolous or was filed for an improper purpose, and no other evidence of defendant behaving improperly toward witnesses, so we deny plaintiff's motion for a protective order regarding intimidation of witnesses.

With respect to the destruction of evidence, two outstanding issues remain, the rest having been resolved in open court. First is the question of defendant's business

proposals, why they were produced late and in redacted form, and whether any have been destroyed. At one point, defendant's attorney told the Court that there existed, "about 880 pages of customers". It is these documents that have also been identified as so-called "business proposals". Defendant has produced the customer list/business proposals (which appear to be lists of customers and potential customers), but in redacted form, and produced them approximately two months late. Defendant argues that it did so because its customer lists are trade secrets and it has evidence that plaintiff has been unfairly targeting defendant's customers.

Under Illinois law, a customer list may be a protectible trade secret only when "the information has been developed by the [party] over a number of years at great expense and kept under tight security." *A.J. Dralle, Inc. v. Air Technologies, Inc.*, 627 N.E.2d 690, 697 (Ill.App. 1994). Such information is not protectible if it has not been treated as confidential, was generally available or known to employees or other people in the trade, could be easily duplicated by reference to telephone books or industry publications, or where the identity of customers was known to a party's competitors because the customers either changed businesses frequently or engaged in business with more than one company. *Id.*, citing *Office Mates 5, North Shore, Inc. v. Haze*, 599 N.E.2d 1072, (Ill.App. 1992). Defendant has not provided any evidence to convince us that its customer lists constitute protectible trade secrets other than its bald statement that they are secret. Thus, we order defendant to provide plaintiff with an unredacted version of its customer lists/business proposals, but allow the defendant to designate them as "attorney's eyes only." We also strongly suggest that the parties

enter into an agreed protective order regarding alleged confidential information in order to prevent these types of issues from arising in the future.

The second outstanding issue concerns the fact that defendant's controller testified at her deposition that she redacted the detail regarding payment of a $30,000.00 check on the order of the president of defendant, Doug Cwiertnia. Cwiertnia had already been deposed, denying the existence of any $30,000.00 payments. Plaintiff asks that we order defendant to pay for the costs of plaintiff having to redepose Cwiertnia and the controller. Plaintiff alleges that information exists implying that this payment was a bribe, made to secure business for defendant. Defendant argues that evidence of a payment does not equate to evidence of a bribe. However, given defendant's president's statement under oath that no payment was made at all, coupled with the controller's testimony, we find that enough evidence exists to order Cwiertnia to sit for a second deposition at the expense of defendant, but that the questions should be confined to questions regarding the $30,000.00 payment and its redaction from defendant's books. We don't find any reason to redepose the controller. Therefore, we grant in part and deny in part plaintiff's motion for protective order.

2. Motion to Enforce Subpoenas Seeking Evidence of Bribes

This is a separate motion by plaintiff seeking to obtain more information from third parties regarding the alleged $30,000.00 bribe. Plaintiff issued three subpoenas, two to Merrill Lynch and one to BB&T Bank, seeking copies of certain checks paid by or to defendant. Merrill Lynch has responded to the first subpoena, but has refused to respond to the second one, as has BB&T Bank, based on defendant's informing the

third parties that it had filed a motion to quash the subpoenas. Plaintiff has asked that we enforce them.

The record is rather hazy on the chain of events surrounding the issuance of the subpoenas. The return date on the first subpoenas was June 4, 2003. Defendant sent a letter to Merrill Lynch dated June 2, 2003 requesting that Merrill Lynch not respond to the subpoena because of a pending motion to quash. Plaintiff alleges that the letter was not actually sent until July 2, 2003; defendant produces a FedEx tracking statement showing that something was delivered to Merrill Lynch on June 4, 2003. In any event, Merrill Lynch responded to the first subpoena prior to receipt of the letter from defendant. Defendant also contends that it did not receive timely notice of the subpoenas, but plaintiff attaches a notice showing that it sent copies to defendant's counsel (including local counsel) on May 21, 2003.

Defendant makes a general allegation that the subpoenas are improper because timely notice was not given to third parties whose financial records were being sought. It is true that Mike Nance, an individual whose checks to or from defendant were subpoenaed, filed a motion to quash the subpoena on July 7, 2003. The motion has never been noticed for hearing and we have no other evidence regarding the alleged impropriety of the subpoenas. Thus, we will enforce the subpoenas issued to Merrill Lynch and BB&T Bank, except to the extent they seek checks payable to or from Mike Nance. We grant in part and deny in part plaintiff's motion to enforce subpoenas.

    3.    Plaintiff's Fourth Motion to Compel and Seventh Motion for Sanctions

During plaintiff's deposition of defendant's president, Douglas Cwiertnia, defendant's attorney instructed Cwiertnia not to answer certain questions which

allegedly implicated defendant's trade secrets and confidential information. Plaintiff has moved to compel Cwiertnia to answer the questions, since defendant never moved for a protective order regarding the questions. Defendant objects that it does not need to file a protective order when a witness refuses to answer questions on the ground that the information sought is privileged. Fed.R.Civ.P. 30(d). This may be true, but as we explained above, defendant baldly asserts that certain customer information constitutes trade secret and confidential information, but has never moved for a protective order identifying it as such. This is not a case where defendant is claiming the attorney-client privilege, in which case a protective order is not necessary. See *In re Caremark Int'l., Inc. Securities Litigation*, No. 94 C 4751, 1997 WL 428548 (N.D.Ill. July 24, 1997) at *4. Absent any definition of what constitutes defendant's protectible trade secrets, defendant cannot refuse to answer deposition questions unless it intends to file a motion for protective order. Thus, defendant is ordered to file a motion for protective order within ten days of this order, or else it must produce Cwiertnia for a second deposition, with the costs to be split between the parties. Therefore, plaintiff's motion is denied.

4. Motion to Supplement Previous Pleadings

Plaintiff filed a motion to supplement its previous pleadings with evidence that defendant has ignored discovery orders and refused to pay sanctions imposed by a California court. We ordered defendant to produce the California court's order showing that it had complied with all discovery orders. The order shows that while defendant did delay in producing certain discovery, it did eventually comply. The court ordered

defendant to pay monetary sanctions connected to the late discovery. There is really nothing we can do with respect to this motion, so it is denied.

							  Michael T. Mason
							  United States Magistrate Judge

Date: July 29, 2003