UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SURFACE SHIELDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 02 C 7228 |
| ) | Judge Elaine E. Bucklo |
| POLYTAK PROTECTION SYSTEMS, INC. ) | |
| and DOUGLAS CWIERTNIA, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION FOR DISMISSAL

Plaintiff Surface Shields, Inc. and Defendants PolyTak Protection Systems, Inc. and Douglas Cwiertnia, pursuant to the terms of that *Stipulation for Compromise of Disputed Claim of Surface Shields, Inc.; and Order Thereon* entered April 21, 2005 by the United States Bankruptcy Court for the Central District of California, Santa Ana Division, in Case No., SA 04-15808 JR (the "Bankruptcy Court Stipulation"), a copy of which is attached hereto as Exhibit "A," hereby stipulate that this cause is hereby dismissed without prejudice as to Defendant PolyTak Protection Systems, Inc. and is dismissed with prejudice as to Defendant Douglas Cwiertnia. Furthermore, each party shall bear its own costs.

The parties further stipulate that this case may be reopened for the purpose of permitting Plaintiff Surface Shields, Inc. to file that certain Consent Judgment under the terms of the Bankruptcy Court Stipulation.

IT IS SO ORDERED, ADJUDGED AND DECREED this 14 day of June, 2005.

*Elaine L Bucklo*
_____
The Honorable Elaine E. Bucklo

So Stipulated and Agreed this _13_ day of May, 2005:

POLYTAK PROTECTION SYSTEMS, INC.

By _[signature]_
Title _CHAIRMAN_

_[signature]_
DOUGLAS CWIERTNIA

SURFACE SHIELDS, INC.

By _[signature]_
Title _PRESIDENT_

COPY

ALBERT, WEILAND & GOLDEN, LLP
Theodor C. Albert, State Bar No. 81449
Stephen F. Biegenzahn, State Bar No. 60584
Hutchison B. Meltzer, State Bar No. 217166
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

General Bankruptcy Counsel for Poly-Tak
Protection Systems, Inc., a California
corporation

FILED
PR 2? 2005

APR 2 5 2005

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re

POLY-TAK PROTECTION SYSTEMS,
INC., a California corporation,

Debtor.

Case No.: SA 04-15808 JR

Chapter 11 Case

STIPULATION FOR COMPROMISE OF
DISPUTED CLAIM OF SURFACE
SHIELDS, INC.; AND ORDER THEREON

DATE: April 21, 2005
TIME: 2:30 p.m.
CTRM: 5-A
411 West Fourth Street
Santa Ana, California

PolyTak Protection Systems, Inc. ("PolyTak" or "Debtor") and Surface Shields, Inc. ("SSI"), through their respective counsel, enter into the Stipulation below with reference to the following facts:

## RECITALS

1. On July 8, 2004, after a lengthy jury trial in the United States District Court for the Northern District of Illinois ("District Court"), Judge Elaine Bucklo entered a judgment in favor of SSI and against PolyTak in the total amount of $2,351,090.00 ("Judgment").

C:\WP9\PolyTak\SurfaceShieldsSettlementStipulation.002.wpd        1

EXHIBIT A

[PROMISE SHIELDS]

2. Subsequent to entry of the Judgment, the parties filed numerous post-trial motions; and, on September 28, 2004, PolyTak perfected its appeal from the Judgment ("Appeal").

3. Poly-Tak commenced this chapter 11 case ("Case") on September 17, 2004 ("Petition Date").

4. SSI contends that it is entitled to have the amount of the Judgment increased substantially. Debtor contends that it should prevail on Appeal; and that SSI is owed nothing.

5. Debtor and SSI (sometimes referred to collectively as the "Parties") both recognize the cost, delay and uncertainty of litigation.

6. The Parties have reached an agreement, subject to Bankruptcy Court approval, to: a) resolve their disputes; b) reduce and liquidate the claim asserted by SSI under the Judgment ("Claim"); c) have the Claim allowed; d) provide for payment of the Claim; and e) pave the way for dismissal of the Case.

## STIPULATION

A. The preceding Recitals are an integral part of this Stipulation; and are incorporated here by this reference.

B. The Claim shall be allowed in the amount of one million two hundred dollars ($1,200,000.00) subject to the provisions of this Stipulation; and, particularly, paragraph G below.

C. The Claim shall be paid as follows: (i) an Initial Payment of seven hundred thousand dollars ($700,000.00) in cash as soon as practicable after the Orders authorizing Debtor to borrow the amount of the Initial Payment from Jerome W. Cwertnia and the order approving this Stipulation in conformity with Rule 9019 of the Federal Rules of Bankruptcy Procedure ("9019 Order") are entered; (ii) the balance of the Claim shall be reflected in a promissory note ("SSI Note") in the principal amount of five

hundred thousand dollars ($500,000.00), a copy of which is appended as Exhibit 1 and incorporated here by this reference.

D. Repayment of the SSI Note shall be secured by a subordinate security interest on terms set forth in the Security Agreement attached hereto as Exhibit 2, and incorporated here by this reference.

E. The SSI Note shall be guaranteed by Mr. Jerome W. Cwertnia.

F. SSI may, at its option and at no cost to Debtor or Mr. Cwertnia, obtain a policy of insurance on the life of Jerome W. Cwertnia, naming SSI or its designee[s] as beneficiary.

G. PolyTak shall execute a confession of judgment in the amount of two million three hundred fifty thousand dollars ($2,350,000) in form satisfactory to the Parties and their counsel but consistent with this Stipulation ("Confessed Judgment"). The original of the Confessed Judgment will be held by Armstrong Teasdale, LLP (counsel for SSI), subject to the conditions set forth here. In the event there is a Default under the SSI Note, and the Default is not timely cured by PolyTak or the Guarantor, SSI or its counsel may take such steps to file and register the Confessed Judgment in any jurisdiction[s] as may be deemed appropriate. The Confessed Judgment will bear interest at the federal judgment rate from and after the date of the Default.

H. As soon as reasonably practicable after the 9019 Order is entered on the Case docket, the Parties shall: (i) execute and deliver to their respective counsel an appropriate Mutual General Release (excepting the SSI Note and the Confessed Judgement; but containing waivers of the protection of section 1542 of the California Civil Code) which shall be released to the Parties as soon as practicable after payment of the initial installment as provided in paragraph C.(i) above; (ii) enter into a stipulation and submit whatever additional documents, if any may be necessary, to dismiss the Appeal; and (iii) enter into a stipulation and submit whatever additional documents, if any may be necessary, to dismiss the SSI Litigation.

I. The parties may allocate the Initial Payment and periodic payments under the SSI Note to the Judgment as they deem appropriate.

J. The United States Bankruptcy Court for the Central District of California will retain jurisdiction over the Parties and all matters resolved by this Stipulation (including disputes, if any, relating to the documents to be executed to implement the Parties' settlement) until the Debtor's chapter 11 case is dismissed.

DATE: April 21, 2005          POLYTAK PROTECTION SYSTEMS, INC.

By: /s/ Stephen F. Biegenzahn
STEPHEN F. BIEGENZAHN
ALBERT, WEILAND & GOLDEN, LLP
Attorneys for Debtor

DATE: April 21, 2005          SURFACE SHIELDS, INC.

By: /s/ David B. Shemano
DAVID SHEMANO
PEITZMAN WEG & KEMPINSKY, LLP
Attorneys for SSI

STIPULATION FOR COMPROMISE
[SURFACE SHIELDS]